**UNITED STATES COURT OF APPEALS**
**for the Fifth Circuit**

_____

No. 96-31108
_____


PAUL LEBLANC, ET AL,

Plaintiffs,

ANGELA MARIA LEBLANC, ET AL,

Plaintiffs-Appellants,

VERSUS


FIBREBOARD CORPORATION, ET AL.,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Louisiana
(86-CV-616)
_____
July 27, 1998
Before KING and DAVIS, Circuit Judges, VANCE, District Judge.[*]

PER CURIAM:[**]

Appellants are the survivors of Paul LeBlanc, whose death appellant attributed to his exposure to Fibreboard's product. The case was tried to a jury which rendered a verdict in favor of Fibreboard, apparently rejecting the appellants' claims that Paul

---

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

LeBlanc's cancer was caused by his exposure to Fibreboard's products.

In this appeal, appellants cite a number of errors, primarily related to the manner in which the district court handled the trial. Appellants assert that the district court erred in: (l) limiting each side to calling one expert pathologist; (2) overriding appellants' Daubert objection to the admission of the testimony of Dr. Sherwin, Fibreboard's expert; (3) limiting the scope of plaintiff's cross-examination of defendant's expert; and (4) erroneously permitting Dr. Barr's report to be shown to the jury.

We have carefully reviewed the record and find no reversible error. The first three errors referred to above all relate to the district court's manner of handling the trial and are reviewed by us under an abuse of discretion standard. Our review of the record reveals no abuse of discretion.

In appellant's final point of error relating to the submission of Dr. Barr's report to the jury, the court may well have erred in submitting that report to the jury. However, Dr. Sherwin, in his live testimony before the jury, disclosed the significant features of Dr. Barr's report. Consequently, the submission of Dr. Barr's report, the substance of which had already been disclosed to the jury, was not prejudicial to plaintiff and therefore is not reversible error.

Because the district court committed no reversible error, its

judgment is AFFIRMED.